Read, J.
The only question in this case is, as to the amount of damages which the sheriff should recover in case property levied upon by him to satisfy an execution, be replevied, and the issue be found in his favor.
*155 The-Statute regulating writs of replevin provides, that in case the jury find for the defendant, they shall also further find whether the defendant had the right of property in the and chattels, or the right of possession only, at the commencement of the suit; and if they shall find either in his favor, they shall assess such damages as they shall think right and proper in favor of the defendant.
The interest of the sheriff on levy upon property is to theamount of his execution — by virtue of the execution he is entitled to the possession of the pfoperty for the purpose of sale and satisfaction. Hence if the property levied upon be replevied, and be of greater value than the amount of the execution, the rule of damages would be the amount of the execution, interest and costs made upon said suit — if the value of the property be less than the amount of the execution, then the full value of the property. The charge of the Court of Common Please was to this effect — and we deem it the correct rule under the Statute. Whether the jury might have gone further and assessed damages compensatory to the sheriff for the trouble and expense of defending the suit, is not a point made.
It is argued that the sheriff holds property on execution as trustee for both parties — to satisfy the judgment and return the balance to the debtor — that the bond in replevin takes the place of the property, and hence that the sheriff should recover the full value of the interest levied upon, in order that he might pay over the balance, if any, to the judgment debtor.
The bond takes the place of the property, to the extent of the interest of the defendant in replevin; but the judgment debtor is no party to the replevin suit — and we leave him to prosecute such remedies as he may have against any person who wrongfully obtains possession of his property.
But if the party replevying from the sheriff, was the fraudulent assignee of the judgment debtor to defraud creditors, no one would pretend that the sheriff should recover the full value of the property, in order to return the balance, if any, after satisfying the execution, to the fraudulent debtor. But if *156 the person replevying has no color of right whatever to the ProPerty replevied, his wrongful and vicious act will not prethe judgment debtor from pursuing his property; and whether such person replevying, could, reduce the damages which would be recovered against him by showing the amount which had been recovered from him by the sheriff, to be applied to the satisfaction of the execution against the debtor, it is not now necessary to determine. But it is a familiar principle, that if a person entangle himself by a wrongful act, the law refuses to aid him. As for example, when a person mingles his goods with another, so to confuse the right as to render it impossible to distinguish the ownership, he loses the whole. The levy upon joint or partnership interests,' to satisfy the debt of part-owner, or partner, will not vary the principle.
In any light we can view it, we are satisfied with the rule We have laid down; and besides this, it has been the general, if not the universal rule of damages under our Statute, as declared and acted upon by the Supreme Court, and we see no good reason to change it, ■

Judgment affirmed.